UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN WILSON, <br><br> Plaintiff, <br><br> v. <br><br> SEARS, ROEBUCK AND CO., <br><br> Defendant. | ) Civil No. 08cv2061-L(JMA) <br> ) <br> ) **ORDER (1) DENYING DEFENDANT'S** <br> ) **MOTION FOR SUMMARY JUDGMENT** <br> ) **OR, IN THE ALTERNATIVE, FOR** <br> ) **PARTIAL SUMMARY JUDGMENT;** <br> ) **AND (2) DENYING IN PART AND** <br> ) **GRANTING IN PART PLAINTIFF'S** <br> ) **MOTION FOR PARTIAL SUMMARY** <br> ) **JUDGMENT** |

The parties in this disability discrimination action have filed cross-motions for summary judgment. For the reasons which follow, Defendant's motion for summary judgment or, in the alternative, for partial summary judgment is **DENIED** and Plaintiff's motion for partial summary judgment is **DENIED IN PART AND GRANTED IN PART**.

Plaintiff Glen Wilson began working at Defendant Sears, Roebuck and Co. ("Sears") in 1976. Beginning in 1997, he was employed at Sears as an In-Home Service Technician repairing washers and dryers. In February 2004 Mr. Wilson injured his back while working and had back surgery in August 2004. After being medically released, he returned to work at Sears. Initially he was put on light duty work performing administrative tasks. In February 2005, he was medically released to full duty and returned to his position as In-House Service Technician.

While working in January 2006, he injured his back again. Initially, he was placed on modified duty, but eventually needed to have a second back surgery in February 2007. He filed a workers' compensation claim for the second back injury, which Sears contested. In August

2007 he returned to modified duty for Sears. Because of the physical limitations imposed on him by his injury, he was placed on light duty in customer service. In late September 2007, after he had been medically released back to work by his surgeon, he started working as a service technician for laundry machines at the Sears Outlet Center. While working at the Outlet Center, Mr. Wilson used a hydraulic lifting device, which he had brought from home, to lift the machines he was repairing to level, so as to avoid having to lift, bend, stoop or sit for prolonged periods of time. With this accommodation, he was able successfully to perform his duties.

In October 2007 Sears received the results of an August 2007 agreed medical evaluation of Mr. Wilson by Dr. Blake Thompson, which was performed as a part of Mr. Wilson's workers' compensation case. Dr. Thompson reported that Mr. Wilson had reached his maximum medical improvement, was permanently limited to light work, which he could perform in a walking or standing position, and could not return to his usual job duties as a service technician unless the job was able to accommodate his work restrictions. Sears contends that there were no positions available to Mr. Wilson within his restrictions, which Mr. Wilson disputes. Based on the work restrictions in Dr. Thompson's report, Mr. Wilson was notified by Sears that he was no longer able to fulfill the duties as an In-Home Service Technician. The parties dispute whether he was terminated or placed on a workers' compensation leave of absence.

Mr. Wilson filed a complaint in State court alleging disability discrimination and failure to provide reasonable accommodation in violation of the Fair Employment and Housing Act, California Government Code Section 12940 *et seq*. ("FEHA"). Sears removed the action to this court pursuant to 28 U.S.C. Section 1441. The court has subject matter jurisdiction based on diversity under 28 U.S.C. Section 1332. Both parties have moved for summary adjudication. Mr. Wilson claims that Sears failed to present evidence in support of several of its defenses, and Sears claims that Mr. Wilson cannot establish all of the elements of his two causes of action.

Federal Rule of Civil Procedure 56 empowers the court to enter summary judgment on factually unsupported claims or defenses, and thereby "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 327 (1986). If summary judgment is not rendered on the whole action, the court "may enter an order stating any

material fact – including an item of damages or other relief – that is not genuinely in dispute and treating the fact as established in the case." Fed. R. Civ. Proc. 56(g).

Summary judgment or adjudication of issues is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material when it affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" of material fact arises if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The burden on the party moving for summary judgment depends on whether it bears the burden of proof at trial. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *See C.A.R. Transp. Brokerage Co., Inc. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). When the moving party would not bear the burden at trial, then he can meet the burden on summary judgment by pointing out the absence of evidence with respect to any one element of the claim or defense. *See Celotex*, 477 U.S. at 325.

If the movant meets his or its burden, the burden shifts to the nonmovant to show summary adjudication is not appropriate. *Celotex*, 477 U.S. at 317, 324. The nonmovant does not meet this burden by showing "some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmovant must go beyond the pleadings to designate specific facts showing there are genuine factual issues which "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

When ruling on a summary judgment motion, the nonmovant's evidence is to be believed, and all justifiable inferences are to be drawn in his or its favor. *Anderson*, 477 U.S. at 255. "A party may object that the material cited to support or dispute a fact cannot be presented in a form

that would be admissible in evidence." Fed. R. Civ. Proc. 56(c)(2). Determinations regarding credibility, the weighing of evidence, and the drawing of legitimate inferences are jury functions, and are not appropriate for resolution by the court on a summary judgment motion. *Anderson*, 477 U.S. at 255.

The mere fact that the parties filed cross-motions "does not necessarily mean there are no disputed issues of material fact and does not necessarily permit the judge to render judgment in favor of one side or the other." *Starsky v. Williams*, 512 F.2d 109, 112 (9th Cir. 1975). "[E]ach motion must be considered on its own merits." *Fair Hous. Council of Riverside County, Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001). Furthermore, the court must consider evidence submitted in support of and in opposition to both motions before ruling on either one. *Id.*

Plaintiff's first cause of action is for disability discrimination. FEHA, Cal. Gov't Code § 12940(a), "prohibits discrimination based on an employee's physical disability." *Green v. California*, 42 Cal.4th 254, 262 (2007). "In order to prevail on a discriminatory discharge claim under section 12940(a), an employee bears the burden of showing (1) that he or she was discharged because of a disability, and (2) that he or she could perform the essential functions of the job with or without accommodation . . .." *Nadaf-Rahrov v. Neiman Marcus Group, Inc.*, 166 Cal. App. 4th 952, 962 (2008). Sears contends that Plaintiff cannot raise a genuine issue of fact with respect to either element.

First, Sears claims that Mr. Wilson cannot support the proposition that he could perform the essential functions of the job. "Although section 12940 proscribes discrimination on the basis of an employee's disability, it specifically limits the reach of that proscription, excluding from coverage those persons who are not qualified, even with reasonable accommodation, to perform essential job duties." *Green*, 42 Cal.4th at 262. The statute "does not prohibit an employer from refusing to hire or discharging an employee with a physical or mental disability . . . where the employee, because of his or her physical or mental disability, is unable to perform his or her essential duties even with reasonable accommodations . . ..." Cal. Gov't Code § 12940(a)(1).

Sears argues that Mr. Wilson was unable to perform the essential functions of an In-Home Service Technician, because they included activities which were within his limitations and he could not take his hydraulic lift with him to the customers' homes to accommodate the limitations. (Mem. of P.&A. in Supp. of Def. Sears, Roebuck and Co.'s Mot. for Summ. J. or, in the Alternative, Partial Summ. J.; and in Opp'n to Pl Glen Wilson's Mot. for Partial Summ. J., docket no. 38 ("Sears Brief") at 8.) Plaintiff does not dispute that he could not perform the functions necessary to repair laundry machines in the customers' homes as he did before his injuries. However, this is not determinative of the essential functions element because FEHA is not as limited as Sears implies. The test is whether the functions can be performed "even with reasonable accommodations." *Id*. § 12940(a)(1). Furthermore, "essential functions" refers to the fundamental job duties of the job the employee "holds or desires." Cal. Gov't Code § 12926(f) (emphasis added).

Mr. Wilson wanted to stay employed as a service technician at the Outlet Center. (Pl.'s Ex. 2, Depo. of Glen Wilson ("Wilson Depo.) at 210.) He was able to perform his job of repairing washers and driers at the Outlet Center with the assistance of his lifting device and was able to do the job without engaging in the actions included in his limitations. (*Id*. at 186, 195, 210.) According to his supervisor Patti Stone-Keith, he was "performing successfully in that position," "doing a great job" and "getting a lot of machines repaired." (Decl. of Patti Stone-Keith ("Stone-Keith Decl.") at 3, 4.)[1] Sears does not dispute that, with the use of his hydraulic lifter, Mr. Wilson was able to perform the essential functions of his job at the Outlet Center.

To the extent Sears relies on Dr. Thompson's report as the basis for its determination that there were no jobs which could accommodate Mr. Wilson's limitations, it is without avail. Dr. Thompson opined that Mr. Wilson was limited "to light work, contemplating the patient can do work in a standing or walking position, with a minimum of demands for physical effort." (Sears

---

[1] Sears filed a motion to strike this declaration, but subsequently withdrew the motion. (Def.'s Request to Strike, or in the Alternative, Obj. to the Decl. of Patti Stone-Keith, doc. no. 47 & Def. Sears, Roebuck, and Co. Notice of Withdrawal of Certain Evidentiary Obj. to Evid. Filed by Pl. in Opp'n to Def.'s Mot. for Summ. J. or, in the Alternative, Summ. Adjudication, doc. no. 54.) Sears' evidentiary objections to Ms. Stone-Keith's declaration, which were not withdrawn, are **OVERRULED**.

Exh. A, Wilson Depo. Exh. 22 ("Thompson Report") at 10.)  He concluded Mr. Wilson could not return to his usual job duties as a service technician[2] unless the job is able to accommodate his work restrictions.  (*Id*. at 11.)  Sears admits that Mr. Wilson's work at the Outlet Center was "light duty," although he continued to repair laundry machines there as he did prior to his injury.  The extent to which Mr. Wilson's work at the Outlet Center differed from his service technician work prior to his injuries is that he longer visited customers at their respective homes and that he used his own hydraulic lifter.  Mr. Wilson was therefore able to perform his service technician job with two accommodations – by working at the Outlet Center and using his hydraulic lifter.

Sears argues, however, that there was no such thing as a permanent Outlet Center service technician position and that it was under no obligation to transform Mr. Wilson's temporary assignment at the Outlet Center into a full-time, permanent position as an accommodation for his disability.  (Sears Reply at 2.)  This however, is no longer the issue whether Mr. Wilson could perform the essential duties of the position, but whether retaining him at the Outlet Center on a permanent basis would be a reasonable accommodation.  *See Raine v. City of Burbank*, 135 Cal. App. 4th 1215, 1223 (2006).  FEHA requires the employer to provide a reasonable accommodation.  *Id*. at 1222, citing Cal. Gov't Code § 12940 (a) & (m).  Examples of reasonable accommodations include "job restructuring, part time or modified work schedules, or reassignment to a vacant position."  *Id*. at 1222-23, citing Cal. Gov't Code § 1226(n)(2).  "If the employee cannot be accommodated in his or her existing position and the requested accommodation is reassignment, an employer must make affirmative efforts to determine whether a position is available.  A reassignment, however, is not required if there is no vacant position for which the employee is qualified."  *Id*. at 1223 (internal quotation marks and citations omitted).  "FEHA does not require the employer to create a new position to accommodate an employee, at least when the employer does not regularly offer such assistance to disabled employees."  *Id*. at 1226.

---

[2] Dr. Thompson could not have referred to Mr. Wilson's work at the Outlet Center, because Mr. Wilson did not start working there until after Dr. Thompson's examination. (*Cf.* Thompson Report at 1 (examined Aug. 7, 2007) & Joint Statement of Undisputed Facts at 2 (started at Outlet Center late Sept. 2007).)

Sears argues that it was not obligated to accommodate Mr. Wilson's request to stay at the Outlet Center, because there was no permanent position at the Outlet Center for which he could qualify. This argument is based on the premise that In-Home Repair Service Technician position, which Mr. Wilson occupied before his injury was a different position than the service technician position he had at the Outlet Center, and that rather than seeking a restructuring of the In-Home Service Technician position, Mr. Wilson was seeking a reassignment to a new position.

This premise is contradicted by Sears' own description of the Outlet Center position and the sworn statements of Mr. Wilson's supervisors at the relevant time. At the relevant time, Naomi Cruz was Sears' District Technical Manager. (Decl. of Noemi Cruz ("Cruz Decl.") at 1.) In this capacity she supervised Technical Managers within the district. (*Id*.) Technical Managers were responsible for managing In-Home Service Technicians. (*Id*. at 1-2.) At the relevant time, Patti Stone-Keith was a Technical Manager. (Decl. of Patti Stone-Keith ("Stone-Keith Decl.") at 1.) In this capacity, she supervised service technicians, including Mr. Wilson. (*Id*.)

According to Sears, In-Home Service Technicians were sent to the Outlet Center as a client on an as-needed basis, when the Outlet Center needed something repaired or serviced. (Sears Brief at 3; *see also* Stone-Keith Decl. at 2, Cruz Decl. at 3.) Every technician routed to the Outlet Center was an In-Home Service Technician. (Cruz Decl. at 3.) The only difference in Mr. Wilson's work as a service technician before and after injury was that before his injury, he was routed to customers' homes, and after his injury, the only customer he was routed to was the Outlet Center. (Stone-Keith Decl. at 2.) Any customer, including the Outlet Center, could request a specific technician to answer the call and could do so even on a regular basis. (Pl.'s Exh. 4, Depo. of Noemi D. Cruz at 76.) The need to route service technicians to the Outlet Center was dictated by the Outlet Center itself. (Cruz Decl. at 3.) According to Ms. Stone-Keith, who supervised Mr. Wilson at the Outlet Center, there was enough work there to keep him busy on a full-time basis. (Stone-Keith Decl. at 3.) She was very satisfied with the job Mr. Wilson was doing at the Outlet Center repairing laundry machines with the assistance of his hydraulic lifter and, given the opportunity, she would have had him routed exclusively to the

Outlet Center. (*Id*. at 3-4.) "There were no managerial or operational problems with continuing to route Glen Wilson only to the Outlet Center . . .." (*Id*. at 4.) Moreover, this would not be unusual in that there were at least three other service technicians working exclusively at the Outlet Center, who worked there exclusively for years before and after Mr. Wilson. (*Id*. at 2-3.)

The court notes that the statement of Ms. Cruz differ from Ms. Stone-Keith's statement on the latter point. According to Ms. Cruz, "In 2007, when Mr. Wilson was placed at the Outlet Center on a temporary light-duty assignment, there were no In-Home Service Technicians who . . . were placed at the Outlet Center on a full-time permanent basis at that time. In fact, since 2006, . . . no In-Home Service Technicians have been routed to the Outlet Center on a regular basis." (Cruz Decl. at 3.) The fact that the parties presented contradictory witness testimony does not eliminate the ability to raise a genuine issue of fact. It merely raises a credibility issue, which is not appropriate for resolution by the court on a summary judgment motion. *See Anderson*, 477 U.S. at 255.

Based on the foregoing, Plaintiff presented sufficient evidence to raise a genuine issue of material fact whether, rather than assigning Mr. Wilson to a new service technician position at the Outlet Center, he requested the restructuring of his existing job as an accommodation for his disability. The issue of reassignment, which is contingent on the availability of a vacant position, arises only if the employee cannot be accommodated in his existing position. *See Raine*, 135 Cal. App. 4th at 1222-23. Furthermore, even if Mr. Wilson's request were to be viewed as a reassignment, he presented sufficient evidence regarding the availability of the position on a full-time basis.

Mr. Wilson has met his burden on summary judgment to show there is a genuine issue whether he could perform the essential functions of the job with or without accommodation. *See Nadaf-Rahrov*, 166 Cal. App. 4th at 962. To the extent Sears' motion for summary adjudication is based on this element, it is denied.

Next, Sears argues that there is no genuine issue whether Mr. Wilson was discharged because of a disability. *See id*. To support a FEHA claim for disability discrimination, Mr. Wilson must show that Sears took an adverse employment action against him and that his

physical disability was the a motivating reason for the adverse action. Jud. Council of Cal., Civil Jury Instr. 2540.

Sears contends that it placed Mr. Wilson on a workers' compensation leave of absence pursuant to its policy for disabled employees who are unable to perform the essential functions of their jobs. Mr. Wilson claims he was terminated. To the extent Sears argues that the issue whether Mr. Wilson was terminated is irrelevant because he could not perform the essential functions of his job anyway, the argument is rejected because he has raised a genuine issue of fact whether he was able to perform the essential functions of the job with or without accommodation.

Moreover, neither party contends that any reason was offered for the action Sears took, whether it was leave of absence or termination, other than Mr. Wilson's disability. Even Sears' stated reason is based on Mr. Wilson's disability. "To support a claim of disability discrimination, a plaintiff need only show 'animus' directed at the disability." *Gelfo v. Lockheed Martin Corp.*, 140 Cal. App. 4th 34, 54 n.14 (2006). The employee need not show that the employer "had it in for him." *Id.* Specifically, when an employer takes an adverse action because he or she believes that the employee's disability prevented him or her from performing essential functions of the job and there were no other jobs available to accommodate the employee, the action is taken because of a disability for purposes disability discrimination. *See Nadaf-Rahrov*, 166 Cal. App. 4th at 963. Accordingly, Sears has not presented any reason to conclude that it took the action it did for any reason other than Mr. Wilson's disability.

Mr. Wilson contends that he was terminated rather than placed on a leave of absence. He testified he was told by Ms. Cruz on November 6, 2007 that he was being terminated. (Wilson Depo. at 230-31.) Similarly, Ms. Stone-Keith stated she was instructed to tell Mr. Wilson he was terminated. (Stone-Keith Decl. at 3.) This is sufficient evidence to raise a genuine issue of fact whether Sears took adverse employment action against Mr. Wilson.

Mr. Wilson has met his burden on summary judgment to show there is a genuine issue whether Sears took adverse employment action against him because of his disability. To the extent Sears' motion for summary adjudication is based on this element, it is denied.

Accordingly, Sears' motion to dismiss the first cause of action for disability discrimination is **DENIED**.[3]

Sears also moved for summary adjudication of Plaintiff's second cause of action for failure to accommodate his disability. "Section 12940(m) declares it an unlawful employment practice for an employer 'to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee.'" *Nadaf-Rahrov*, 166 Cal. App. 4th at 971.

Sears argues that it is entitled to summary adjudication of the second cause of action because Plaintiff cannot raise a genuine issue of fact whether he could perform the essential functions of the job. An employer is liable under section 12940(m) "only if the work environment could have been modified or adjusted in a manner that would have enabled the employee to perform the essential functions of the job." *Id.* at 975. For the reasons discussed in the context of the first cause of action, Plaintiff presented sufficient evidence to raise a genuine issue. This argument is therefore rejected.

Next Sears argues that it should prevail because it has complied with section 12940(m) by offering Mr. Wilson a reasonable accommodation. It argues that it reasonably accommodated Mr. Wilson when it gave him time off after his surgeries and placed him on modified duty without reduction in pay while he was recovering, and then placed him on a workers' compensation leave of absence after his medical status became stationary and it became apparent that there were no positions available to accommodate his limitations. As discussed in the context of the first cause of action, Plaintiff raised genuine issues of material fact whether Sears could have restructured his In-Home Service Technician position and whether allowing him to stay at the Outlet Center was tantamount to creating a new position, which Sears was not

---

[3] In his opposition to Sears' motion, Plaintiff also argues that he can raise a genuine issue of material fact with respect to both causes of action whether Sears regarded him as disabled, *see* Cal. Gov't Code § 12926(k)(4). (Pl. Glen Wilson's Combined Mem. of P.&A.: (A) in Opp'n of Def. Sears, Roebuck & Co.'s Mot. for Summ. J., or in the Alternative, Partial Summ. J.; and (B) Reply Brief in Supp. of Pl. Glen Wilson's Mot. for Partial Summ. J. (Pl.'s Opp'n.") at 15-16.) FEHA's definition of a "physically disabled" person is disjunctive. Cal. Gov't Code § 12926(k)(4). Because Sears does not dispute that Mr. Wilson was actually disabled at the relevant time, *see Glefo*, 46-47 & n.8, it is unnecessary to consider whether Plaintiff also meets the alternative definition of a disabled person by being regarded or treated as disabled.

obligated to do.  He also raised a genuine issue whether he was terminated.  Accordingly, the argument that Sears reasonably accommodated Mr. Wilson by placing him on a leave of absence after concluding that no positions were available for him is rejected.

It is undisputed that Sears accommodated Mr. Wilson by giving him time off and modified duty while he recovered from his surgeries.  This however, was not sufficient to comply with section 12940(m).  A reasonable accommodation is "a modification or adjustment to the workplace that enables the employee to perform the essential functions of the job held or desired."  *Nadaf-Rahrov*, 166 Cal. App. 4th at 974.  This includes job restructuring or reassignment to a vacant position, among other examples.  Cal. Gov't Code § 12926(n); *see also Nadaf-Rahrov*, 166 Cal. App. 4th at 972-73 & n.7.  Because Plaintiff raised a genuine issue of material fact whether, rather than terminating him, a reasonable accommodation could be provided by restructuring his In-Home Service technician job to route him only to the Outlet Center, Sears' motion for summary judgment on the second cause of action is **DENIED**.[4]

Plaintiff, on the other hand, claims that a partial summary judgment should be entered in his favor with respect to five of Sears' defenses.  He argues that in response to his special interrogatories, Sears provided only an unhelpful, canned response, which it did not later supplement, the evidence was not properly disclosed as required by Federal Rule of Civil

---

[4] Plaintiff also argues that he can raise a genuine issue of material fact with respect to his second cause of action whether Sears engaged in a good faith interactive process, *see* Cal. Gov't Code § 12940(n).  (Pl.'s Opp'n. at 21-23.)  Section 12940(n) imposes liability on employers who fail to engage in good faith in the interactive process.  A claim for failure to engage in the interactive process is appropriate when "the employee is unable to identify a specific, available reasonable accommodation while in the workplace and the employer fails to engage in good faith interactive process to help identify one, but the employee is able to identify a specific, available reasonable accommodation through the litigation process."  *Nadaf-Rahrov*, 166 Cal. App. 4th at 983.

Plaintiff does not argue on summary judgment that this is his circumstance.  Moreover, in his complaint, he does not allege a separate cause of action for failure to engage in the interactive process.  Reading the complaint together with his opposition to Sears' summary judgment motion, it appears that he is relying on section 12940(n) as an alternative ground to recover damages under his second cause of action for failure to provide a reasonable accommodation, Cal. Gov't Code § 12940(m).  *See Nadaf-Rahrov*, 166 Cal. App. 4th at 983 ("If a failure to provide accommodations is a consequence of a section 12940(n) violation, [a plaintiff could] recover damages for that failure to accommodate, even if the plaintiff prevailed only on a section 12940(n) claim.").  Because Plaintiff successfully opposed Sears' motion for summary adjudication of the second cause of action, the court need not address this alternative ground for relief.

Procedure 26, and should therefore be precluded pursuant to Federal Rule of Civil Procedure 37(c)(1).  Sears opposes the motion arguing that its responses to interrogatories were adequate, that to the extent the evidence was not provided in the responses, it was provided during production of documents and depositions, and therefore should not be precluded.

Plaintiff's arguments under Rule 37(c)(1) are rejected because the evidence was provided to him in discovery, albeit not in the unhelpful, generic responses to interrogatories.  Furthermore, Plaintiff was not prejudiced in his opposition to Sears' summary judgment motion.  Sears' failure to comply with the disclosure requirements of Rule 26, to the extent there was one, was harmless.  *See* Fed. R. Civ. Proc. 37(c)(1).  To the extent Plaintiff requests summary adjudication based on preclusion of evidence, his motion is **DENIED**.

However, with respect to the twenty-first affirmative defense, Sears apparently has not provided any evidence at all.  In the twenty-first affirmative defense, Sears alleged that, "Plaintiff's claims are barred to the extent that any alleged accommodation that Plaintiff claims should have been offered would have caused Defendant undue hardship."  (Answer at 6.)  Undue hardship is defined as "as an action requiring significant difficulty or expense, when considered in light of . . . factors" such as the nature and cost of the accommodation, the employer's resources and the impact of the accommodation on the employer's operation, and the type of the operation, including the composition, structure and functions of the workforce.  Cal. Gov't Code § 12926(s).

Sears has cited to no authority, and the court is aware of none, which would place the burden of proof with respect to this defense on the plaintiff.  Not having the burden at trial, Plaintiff as the moving party met his burden on summary judgment by pointing out the absence of evidence on this defense.  *See Celotex*, 477 U.S. at 325.  The burden is therefore on Sears to come forward with evidence in support of its defense.  *See Anderson*, 477 U.S. at 250.

Neither in its summary judgment motion nor in its opposition to Plaintiff's summary judgment motion did Sears cite or allude to any evidence or provide any legal argument relevant to the difficulty and expense of Mr. Wilson's accommodations and address any of the factors relevant to assessing the difficulty and expense.  Accordingly, Plaintiff's motion for summary

adjudication of the twenty-first affirmative defense is **GRANTED**.

With respect to the eighteenth affirmative defense, alleging that Mr. Wilson violated his obligations as an employee under California Labor Code Sections 2854 and 2856 through 2859 (Answer at 5), Sears expressly does not oppose Plaintiff's motion (Sears' Brief at 18 n.8). Plaintiff's motion is therefore **GRANTED** as unopposed with respect to the eighteenth affirmative defense.

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Defendant Sears, Roebuck & Co.'s Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment is **DENIED**.

2. Plaintiff Glen Wilson's Motion for Partial Summary Judgment is **GRANTED** with respect to Defendant's eighteenth and twenty-first affirmative defenses and **DENIED** in all other respects.

**IT IS SO ORDERED**.

DATED:  March 28, 2011

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL