UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN WILSON,<br><br>                Plaintiff,<br><br>v.<br><br>SEARS, ROEBUCK AND CO.,<br><br>                Defendant. | Civil No. 08-cv-2061-L(JMA)<br><br>**ORDER**<br><br>**(1) DENYING DEFENDANT'S MOTIONS *IN LIMINE* [DOCS. 75, 76],**<br><br>**(2) DENYING PLAINTIFF'S REQUEST TO PURSUE CLAIM FOR FAILURE TO ENGAGE IN INTERACTIVE PROCESS [DOC. 74]; AND**<br><br>**(2) RESETTING FINAL PRETRIAL CONFERENCE** |

**I.    MOTIONS IN LIMINE**

On October 10, 2011, Defendant Sears, Roebuck and Co. filed two motions *in limine*. The first seeks to bifurcate the trial on the issues of liability and punitive damages (Doc. 75) and the second seeks to bifurcate the trial on the issues of liability and damages (Doc. 76). Defendant argues that bifurcation will promote judicial economy, and with respect to bifurcating the punitive damages from the liability portion of trial, that the Court should apply California law that mandates bifurcation of punitive damages claims. Plaintiff Glen Wilson opposes both

motions, arguing, in essence, that bifurcation would be a waste judicial resources given that this is a *bench trial*. The Court agrees with Plaintiff, and therfore **DENIES** both of Defendant's motions.

## II.   FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

During the last Final Pretrial Conference held on September 19, 2011, the Court ordered Plaintiff to submit supplemental briefing regarding whether he should be allowed to pursue a claim against Defendant for failure to engage in the interactive process. Thereafter, Plaintiff filed the supplemental brief, arguing that in asserting a claim for failure to accommodate under California Government Code § 12940, Defendant was placed on notice of all violations included therein, and that asserting a claim for failure to accommodate necessarily implicates an allegation for failure to engage in the interactive process. The Court disagrees.

California courts have agreed that failure to engage in the interactive process is a separate violation that is independent from a failure to provide a reasonable accommodation for a disability. *See* Cal. Gov't Code §§ 12940(m)–(n); *Nadaf-Rahrov v. Neiman Marcus*, 166 Cal. App. 4th 952, 983 (2008); *Gelfo v. Lockheed Martin Corp.*, 140 Cal. App. 4th 34, 61 (2006). In *Nadaf-Rahrov*, the California Court of Appeals explained the difference between the two claims as follows:

> Section 12940(m) applies even without a showing that the employer failed to engage in the interactive process. Where a necessary accommodation is obvious, where the employee requests a specific and available reasonable accommodation that the employer fails to provide, or where an employer participates in a good faith interactive process and identifies a reasonable accommodation but fails to provide it, a plaintiff may sue under section 12940(m). Section 12940(n), which requires proof of failure to engage in the interactive process, is the appropriate cause of action where the employee is unable to identify a specific, available reasonable accommodation while in the workplace and the employer fails to engage in a good faith interactive process to help identify one, but the employee is able to identify a specific, available reasonable accommodation through the litigation process. In short, the two causes of action address different factual circumstances.

166 Cal. App. 4th at 983. Based on the foregoing and Plaintiff's failure to mention the interactive process anywhere in his complaint, the Court finds that Plaintiff has not pled a claim under § 12940(n) and therefore cannot proceed to trial on that claim.

### III. CONCLUSION & ORDER

In light of the foregoing, the Court hereby:

(1) **DENIES** Defendant's motion *in limine* to bifurcate trial on the issues of liability and punitive damages (Doc. 75);

(2) **DENIES** Defendant's motion *in limine* to bifurcate trial on the issues of liability and damages (Doc. 76);

(3) **DENIES** Plaintiff's request to allow him to introduce evidence that Defendant failed to engage in the interactive process;

(4) **ORDERS** the parties to prepare, serve, and lodge the Proposed PTC Order by **April 2, 2011** in compliance with Civil Local Rule 16.1(f.6) in accordance with this order; and

(5) **ORDERS** the Final Pretrial Conference be held on **April 9, 2012** at 11:00 a.m. in Courtroom 14.

**IT IS SO ORDERED**.

DATED: January 3, 2012

M. James Lorenz
United States District Court Judge

COPY TO:

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL